UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

OLGA MOLINA-OLIVO,

    Plaintiff,

v.

EXPERIENCE WORKS, INC.,

    Defendant.

Civil No. 09-1839 (JAF)

**OPINION AND ORDER**

Defendant, Experience Works, Inc., moves this court under Federal Rule of Civil Procedure 59(e) to reconsider our prior order (Docket No. 8) granting dismissal without prejudice to Plaintiff, Olga Molina-Olivo. (Docket No. 10.) Defendant argues that the prior disposition was a manifest error of law and should be amended to a dismissal with prejudice. (Docket Nos. 11; 12.)

**I.**

**Factual and Procedural Synopsis**

Plaintiff filed her first action against Defendant in this court on April 7, 2009, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and various Puerto Rico laws. See Molina-Olivo v. Experience Works, Inc., Civil No. 09-1331 (JP) ("Molina-Olivo I"). The court granted summary judgment to the Defendant and dismissed all

Civil No. 09-1839 (JAF)                                                                                                        -2-

of Plaintiff's claims with prejudice on June 17, 2009.  Plaintiff appealed that decision to the First Circuit, though she eventually withdrew her appeal voluntarily.  Before the district court issued its final order, Plaintiff filed a parallel action in Commonwealth court claiming "violations of applicable labor laws" without citing any particular federal or Commonwealth law. (Docket No. 1-2 at 4.)  Defendant removed that case to this court on August 24, 2009 (Docket No. 1), and filed a motion for dismissal or summary judgment in the alternative. (Docket No. 4).  In its motion for dismissal, Defendant argued that Plaintiff's claims had been presented in Molina-Olivo I and were, thus, barred by res judicata.  (Id.)  While Defendant's motion was pending, Plaintiff moved for voluntary dismissal of her claims without prejudice. (Docket No. 7.)  Four days later, we granted Plaintiff's motion without ruling on Defendant's pending motion.  (Docket No. 8.)

## II.

### Rule 59(e) Standard

Rule 59(e) allows any to party to move the court to alter or amend a judgment within ten days of its entry. Fed. R. Civ. P. 59(e).  Case law has expanded upon the sparse text of the rule to require that movants "clearly establish a manifest error of law or . . . present newly discovered evidence." FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

### III.

### **Analysis**

Defendant argues that our granting Plaintiff's motion for voluntary dismissal without prejudice was a manifest error of law on three grounds: (1) Plaintiff did not meet the standard for dismissal without prejudice under Federal Rule of Civil Procedure 41; (2) the order was entered before the end of the ten-day period provided by the Local Rules, see L.Cv.R. 7(b), in which to object to a motion; and (3) since Plaintiff's claim was precluded under res judicata doctrine, Defendant's motion to dismiss should have been granted. (Docket No. 11.)

Res judicata doctrine dictates that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Coors Brewing Co. v. Méndez-Torres, 562 F.3d 3, 8 (1st Cir. 2009). Federal law of res judicata governs where "both the potentially precluding suit and the potentially precluded suit were litigated in federal courts." Mass. Sch. of Law v. ABA, 142 F.3d 26, 37 (1st Cir. 1998). A court must find the presence of three conditions before it applies res judicata to dismiss a claim: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Coors, 562 F.3d at 8 (citation omitted). "Finality" for res judicata purposes is equivalent to "finality" of a judgment for purposes of appeal. See AVX Corp. v. Cabot Corp., 424 F.3d 28, 32-33 (1st Cir. 2005). Therefore, a judgment is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the

Civil No. 09-1839 (JAF)                                                                                              -4-

judgment." Whitfield v. Municipality of Fajardo, 564 F.3d 40, 45 (1st Cir. 2009) (citation omitted). A decision retains its "finality" for preclusion purposes even while an appeal from that decision is pending. See Deposit Bank v. Frankfort, 191 U.S. 499 (1913); In re Kane, 254 F.3d 325, 328 (1st Cir. 2001). Causes of action are sufficiently identical if they arise out of a common nucleus of operative facts. Mass. Sch. of Law, 142 F.3d at 38.

In the present case, the doctrine of res judicata precluded Plaintiff's claims from being tried before this court. First, the court's order in Molina-Olivo I was a final judgment on the merits because it was a summary judgment disposing of all claims; the pendency of an appeal does not affect the application of res judicata. Second, both Molina-Olivo I and the present case arose from the same alleged incidents of sexual harrassment in the workplace. The present claims of "violations of applicable labor laws" are sufficiently identical to the Title VII and Puerto Rico law claims in Molina-Olivo I. Even if the claims in this case were based on different statutes, these claims should have been brought along with the other discrimination and harassment claims in Molina-Olivo I. Third, the parties are clearly identical.

Defendant timely raised res judicata in its motion for dismissal – a motion that preceded Plaintiff's motion for voluntary dismissal. (Docket No. 4.) The claims in the present suit were clearly precluded by res judicata. Therefore, our entry of a judgment of dismissal without prejudice was a manifest error of law. As we have reconsidered our motion on this basis, it is unnecessary to consider the two additional bases raised by Defendant for amending our judgment to a dismissal with prejudice.

Civil No. 09-1839 (JAF) -5-

**IV.**

**Conclusion**

For the reasons stated above, we **GRANT** Defendant's motion for reconsideration (Docket No. 10). We hereby **VACATE** our prior order granting Plaintiff's motion for dismissal without prejudice (Docket No. 8). We **DENY** Plaintiff's motion for voluntary dismissal (Docket No. 7). We **GRANT** Defendant's motion for dismissal (Docket No. 4). We **DISMISS** Plaintiff's claims **WITH PREJUDICE**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 10th day of December, 2009.

                                                  s/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  Chief U.S. District Judge